UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

ISPAT INLAND, INC.,                         :

                  Plaintiff,       :

     -against-                          :

KEMPER ENVIRONMENTAL, LTD.,                 :

             Defendant.        :

----------------------------------X

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: 11-28-06 |

05 Civ. 5401 (BSJ)(HBP)

MEMORANDUM OPINION
AND ORDER

PITMAN, United States Magistrate Judge:

## I.  Introduction

Defendant moves for leave to implead a third-party defendant under Rule 14(a) of the Federal Rules of Civil Procedure.  For the reasons set forth below, the motion is denied.

## II.  Facts

This is an action seeking damages for breach of contract and declaratory relief relating to an environmental liability insurance policy.

The insurance policy, Kemper Environmental Response, Compensation and Liability Insurance Policy No. 4LY000143 (the "policy"), was purchased by Inland Steel Industries ("ISI") pursuant to an agreement under which Ispat International, N.V. ("IINV") acquired Inland Steel Company ("ISC") from ISI

(Complaint ("Comp.") ¶ 7).  Plaintiff Ispat Inland is the entity
that resulted from the acquisition (Comp. ¶ 10; Proposed Third
Party Complaint Against Ryerson Tull ("Proposed Third-Party
Complaint") ¶ 1).  The policy was issued on or about March 6,
1998 by defendant and names ISC, IINV, and ISI as insureds (Comp.
¶ 9; the policy at 1, annexed as Exhibit H to Proposed Third-
Party Complaint).

Plaintiff contends that defendant breached the terms of
the insurance contract by failing to make payments to Ispat
Inland, and refusing to admit coverage, for liability incurred by
Ispat Inland in the settlement of a natural resources damage
assessment ("NRDA").  Plaintiff further contends that defendant
breached the terms of the contract by refusing to pay the legal
defense expenses incurred by Ispat Inland in connection with the
investigation and defense of the NRDA.

Defendant's amended answer denies plaintiff's
allegations, raises multiple affirmative defenses, and contends
that the policy imposes no duties or obligations on it to
indemnify or defend plaintiff for the costs of the underlying
claims at issue.  Of particular relevance here is defendant's
ninth affirmative defense, which asserts, inter alia, that
because plaintiff failed to disclose or misrepresented facts
material to the risks at issue in this litigation, all claims
under the policy are either barred and/or should be excluded from

2

coverage and that the policy should be rescinded.

Defendant now seeks leave to implead Ryerson Tull, Inc. ("Ryerson")[1] as a Third-Party Defendant on the grounds that (1) defendant's ninth affirmative defense and the Third-Party Complaint against Ryerson arise "out of '. . . the same transaction, occurrence, or series of transactions or occurrences'" (Kemper's Motion for Leave to File a Third-Party Complaint Against Ryerson Tull ("Def. Motion for Leave") ¶ 4 (quoting Fed.R.Civ.P. 20)); (2) "the issue of whether [defendant's ninth affirmative defense] affords a complete defense to [defendant] involves questions of law or fact common to both [plaintiff] and Ryerson Tull" (Def. Motion for Leave ¶ 4), and (3) Kemper's fraud defense is supported by the same factual evidence as to plaintiff and Ryerson.

Defendant alleges that Ryerson's employees and agents made numerous misrepresentations to defendant's employees during the drafting of the policy.  The alleged misrepresentations pertained primarily to the relationship between the NRDA and a 1993 Consent Decree ("1993 Decree") to which plaintiff was a party.  Ryerson's alleged misrepresentations include:  (1) that testing and corrective measures required by the 1993 Decree

---

[1]Defendant asserts that Ryerson is the successor company to "Inland Steel Inc." and that IINV acquired ISC from Ryerson (Proposed Third-Party Complaint ¶¶ 3, 20).  I assume for purposes of this opinion that defendant's reference to Inland Steel Inc. is intended to denote Inland Steel Industries, Inc. ("ISI").

3

addressed environmental issues identical to the NRDA, and thus that any expenditure under the 1993 Decree would reduce the assessment under the NRDA; (2) that both the 1993 Decree and the NRDA would be paid out of the same $19 million-plus monetary reserve (the "Trust Fund"); (3) that the amount owed under the 1993 decree was as yet undetermined, but if the amount exceeded $10 million, plaintiff would seek judicial relief; (4) that the $19 million Trust Fund relating to the 1993 Decree had been committed solely to the sediment clean-up project prior to defendant's investigation into plaintiff's environmental liabilities, and (5) that the Trust Fund would be sufficient to cover all expenses under the 1993 Decree and NRDA.

In response, plaintiff argues that defendant's motion should be denied because (1) defendant has unreasonably and unexcusedly delayed seeking leave to implead; (2) granting the motion would delay resolution of this matter until after defendant falls into receivership,[2] thereby prejudicing plaintiff, and (3) the assertion of the proposed claims would be futile.

---

[2]Defendant is an insurance company that is currently in run-off status. An insurer in run-off status does not write new business but continues administering liability for existing policies. See generally Castlewood (US) Inc., et al v. National Indem. Co., 06 Civ. 6842 (KMK), 2006 WL 3026039 at *1 (S.D.N.Y. Oct. 24, 2006); Armco Inc. v. N. Atl. Ins. Co. Ltd., 68 F.Supp.2d 330, 333 (S.D.N.Y. 1999). According to a press release issued by defendant, the run-off plan is to preserve defendant through the end of this year.

III. <u>Analysis</u>

Rule 14(a) of the Federal Rules of Civil Procedure provides in relevant part:

> At any time after commencement of the action a defending party . . . may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

Leave of the court must be obtained to file a third-party complaint more than ten days after service of the original answer.  <u>See</u> Fed.R.Civ.P. 14(a).  Whether to grant such a motion is left to the sound discretion of the district court.  <u>See</u> <u>Rosario v. Amalgamated Ladies' Garment Cutters' Union</u>, 605 F.2d 1228, 1247 (2d Cir. 1979); <u>see also</u> <u>Murphy v. Keller Indus., Inc.</u>, 201 F.R.D. 317, 319 (S.D.N.Y. 2001).

"When exercising its discretion, the court must take care to avoid prejudice to the plaintiff or third-party defendant."  <u>National Westminster Bank PLC v. Empire Energy Management Sys., Inc.</u>, 93 Civ. 5331 (LMM), 1996 WL 709763 at *8 (S.D.N.Y. Dec. 10, 1996); <u>accord</u> <u>Ivor Wolfson Corp. v. Locke Liddell & Sapp, LLP</u>, 2001 WL 246384 at *4 (S.D.N.Y 2001).  In general, "[t]imely motions for leave to implead non-parties should be freely granted to promote [judicial] efficiency unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim."

Shafarman v. Ryder Truck Rental, Inc., 100 F.R.D. 454, 459
(S.D.N.Y. 1984); accord CSA Capital, Inc. v. Mountbatten Sur.
Co., 96 Civ. 9714 (DC), 1997 WL 760515 at *1 (S.D.N.Y. Dec. 9,
1997); Mueller v. Long Island R.R., 89 Civ. 7384 (CSH), 1997 WL
189123 at *6 (S.D.N.Y. April 17, 1997); Hicks v. Long Island
R.R., 165 F.R.D. 377, 379 (S.D.N.Y. 1996).

Factors relevant to the determination of whether to
permit the filing of a third-party complaint include:  "(1)
whether the movant deliberately delayed or was derelict in filing
the motion; (2) whether impleading would delay or unduly
complicate the trial; (3) whether impleading would prejudice the
third-party defendant; and (4) whether the proposed third-party
complaint states a claim upon which relief can be granted."
National Westminster Bank PLC v. Empire Energy Mgmt. Sys., Inc.,
93 Civ. 5331 (LMM), 1996 WL 709763 at *8 (S.D.N.Y. 1996); accord
Murphy v. Keller Indus., Inc., supra, 201 F.R.D. at 319.

The application of these factors demonstrates that
leave to file the third-party complaint should be denied.

A. Defendant Unreasonably Delayed Filing Its Motion

Defendant was derelict in filing its motion for leave
to file a third-party complaint.  This action was commenced in
June 2005.  Yet defendant did not file its motion for leave to
file a third-party complaint against Ryerson until August 8,

6

2006, just three weeks before the September 1, 2006 close of
discovery.[3]  This delay is unreasonable given defendant's
constructive, if not actual, knowledge of the facts giving rise
to its third-party complaint as early as July 26, 2005 when it
raised the affirmative defense of misrepresentation in its
original answer.

Defendant is chargeable with the knowledge of its
employees.  Defendant asserts in its proposed third-party
complaint that Ryerson participated in making the
misrepresentations that plaintiff allegedly made to defendant's
employees.  Since defendant has had access to its own employees
and their papers from the time this suit was commenced, defendant
has had access to all the sources of information necessary for it
to ascertain Ryerson's participation in any misrepresentations
from the time it determined that misrepresentations were made.
Indeed, defendant does not identify any facts that it first
learned of in discovery that disclosed Ryerson Tull's alleged
role in the misconduct.  Any delay in determining Ryerson's
alleged role in these misrepresentations is, thus, attributable
to defendant alone.  Defendant's delay in filing it motion for
leave is consequently unreasonable.

---

[3]Discovery closed in this matter on September 1, 2006,
except for an extension until the week of September 18, 2006 for
the limited purpose of completing depositions that had already
been noticed, and witnesses who had already been subpoenaed, by
August 14, 2006.

7

Constructive knowledge aside, defendant was undisputably aware of its interest in impleading Ryerson by June 21, 2006 when it expressly noted its desire to do so to this court. Defendant has not provided any justification, however, for the nearly two month delay between that time and the time at which it filed its motion for leave.

Defendant has not offered a reasonable excuse for its delay in filing its motion for leave until so shortly before the close of discovery. In support of its motion, defendant points to alleged contradictions between a December 16, 1997 letter from Inland Steel and the May 25, 2006 deposition testimony of an Ispat Inland employee who had been an employee of Inland Steel (Def. Motion for Leave ¶ 8).[4] Defendant does not indicate in its motion, however, that these alleged contradictions would excuse or gave rise to its delay in moving for leave. Furthermore, defendant fails to address why it waited more than two months from the time of this deposition, when it was evidently put on

_____

[4]Defendant asserts that Inland Steel is the predecessor company to Ryerson (Def. Motion for Leave ¶ 8). Plaintiff disputes whether the alleged contradiction items are attributable to Ryerson, however, arguing that the author of the 1997 letter, Gary Allie, and the deposee, Thomas Barnett, were employees of the predecessor of Ispat Inland, not the predecessor of Ryerson (Plaintiff's Opposition to Defendant's Motion for Leave to File a Third-Party Complaint Against Ryerson Tull at 5 n.2). Because plaintiff does not identify which company it contends is the predecessor of Ryerson, it is unclear if plaintiff is disputing which company employed these individuals or which company preceded Ryerson.

8

notice of Ryerson's role in the alleged misrepresentations, to file its motion for leave.  See Embassy Electronics, Ltd. v. Lumbermens Mut. Cas. Co., 108 F.R.D. 418, 419-20 (S.D.N.Y. 1985) (denying motion for leave where defendant had "knowledge of all the facts necessary for it to make the allegation" against third-party defendant before it amended its answer to add an affirmative defense against the plaintiff for the same misrepresentations).

While defendant vaguely asserts that the grounds for its motion for leave arose from "recent investigations," it does not cite any specific facts uncovered by such investigations that would justify its delay in filing (Def. Motion for Leave ¶ 10). To the contrary, defendant argues that the grounds for its motion for leave were "recently confirmed" at a deposition of its former employee, suggesting that defendant knew of the ground for its motion prior to deposing the former employee (Def. Motion for Leave ¶ 3).  "Absent any reasonable explanation, it must be assumed that there is no legitimate excuse for the delay, and the defendant has simply moved in an unduly dilatory fashion." Oliner v. McBride's Indus., Inc., 106 F.R.D. 14, 21 (S.D.N.Y. 1985).  Accordingly, defendant has failed to meet its burden of showing a valid excuse for its delay in filing the motion.  See Lombardo v. Greyhound Lines, Inc., supra, 179 F.R.D. at 85 ("a motion to bring in a third party may be denied . . . where the

9

movant cannot reasonably explain the delay"); <u>CSA Capital, Inc.</u>
<u>v. Mountbatten Sur. Co.</u>, <u>supra</u>, 1997 WL 760515 at *2 (leave to
implead denied where defendant offered no explanation for delay
in filing motion).

   B. <u>Granting Defendant's Motion Will Delay Trial And
      Prejudice Plaintiff</u>

      To permit defendant to implead a third-party now,
shortly before the close of discovery, would delay the trial and
cause prejudice to the plaintiff. Granting the motion would
require the extension of discovery and the continuation of all
depositions previously completed. In addition, the proposed
third-party defendant would also have to be given an opportunity
to make any dispositive motions it deemed appropriate. In short,
granting defendant's motion at this stage would transform this
action from one that is almost trial-ready to one that is at the
earliest stages of litigation.

      The risk of prejudice to plaintiff posed by the delay
of this proceeding is compounded by defendant's apparently weak
financial situation. As noted above, defendant is currently in
run-off status, pursuant to a plan that expires at the end of
this year. Defendant's financial viability after that time is
unknown. In light of these circumstances, delay of trial will
likely delay the resolution of this matter until after defendant

goes into receivership, thereby prejudicing plaintiff's ability to collect any judgment it may obtain.

Under similar circumstances, other courts have denied motions to implead third-parties.  See Amalgamet, Inc. v. Ledoux & Co., 86 Civ. 1302 (PKL), 1987 WL 18457 at *2 (S.D.N.Y. Oct. 6, 1987) (denying leave to implead where granting motion would unduly delay the action, noting that justifiable concern about defendant's financial condition would magnify the risk of preju-dice to plaintiff posed by such delay); see also Hicks v. Long Island R.R., supra, 165 F.R.D. at 380 (denying leave to implead where discovery near completion because trial would be delayed); Nicholas v. Westchester Resco Co., 90 Civ. 2495 (PKL), 1992 WL 30575 at *3 (S.D.N.Y. Jan. 31, 1992); Embassy Elecs., Ltd. v. Lumbermens Mut. Cas. Co., 108 F.R.D. 418, 421 (S.D.N.Y. 1985) (denying leave to implead where discovery near completion and action had been pending for over one year; addition of new party would cause delay of the case and prejudice to plaintiff); Hogan v. Janos Indus. Insulation Corp., 102 F.R.D. 205, 207 (S.D.N.Y. 1984) (denying leave to implead where discovery had been underway for several months because addition of new defendants "would cause a substantial delay and concomitant prejudice to the plaintiff"); see also Shafarman v. Ryder Truck Rental, Inc., supra, 100 F.R.D. at 459 (noting that "great delay prejudices a plaintiff"); Spaulding v. Parry Navigation Co., 10 F.R.D. 290,

11

291 (S.D.N.Y. 1950)("impleader should be denied if it will
greatly delay the trial").

In addition, denying the motion will not prejudice
defendant since it is free to commence a separate action for
contribution if it is ultimately found liable to plaintiff. <u>See</u>
<u>Embassy Elecs. Ltd. v. Lumbermens Mut. Cas. Co.</u>, <u>supra</u>, 108
F.R.D. at 421; <u>Oliner v. McBride's Indus., Inc.</u>, <u>supra</u>, 106
F.R.D. at 21 (noting that denial of motion for leave to implead
does not prejudice defendant's rights because it "does not
preclude a separate action for indemnity and contribution if
[defendant] is ultimately found liable to the plaintiff").

C. <u>The Viability of the Proposed Third-Party Complaint</u>

Because the first three factors used in evaluating
whether to grant leave to file a third-party complaint militate
so strongly against granting leave here, it is not necessary to
address the fourth factor — whether the proposed third-party
complaint states a claim upon which relief can be granted.

12

IV.   Conclusion

        For all the foregoing reasons, defendant's motion to

implead a third-party defendant is hereby denied.

Dated:   New York, New York
         November 28, 2006

                                SO ORDERED


                                _____
                                HENRY PITMAN
                                United States Magistrate Judge

Copies mailed to:

Edward F. Ruberry, Esq.
Bollinger, Ruberry & Garvey
500 West Madison Street, Suit 2300
Chicago, IL 60661

Robert A. Salerno, Esq.
Morrison & Foerster LLP
2000 Pennsylvania Ave. NW, Suite 5500
Washington, DC 20006