```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-3-1-07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

ISPAT INLAND, INC.,                      :

                 Plaintiff,     :     05 Civ. 5401 (BSJ)(HBP)

        -against-                 :     MEMORANDUM OPINION
                                        AND ORDER

KEMPER ENVIRONMENTAL, LTD.,              :

                 Defendant.     :

------------------------------------X

         PITMAN, United States Magistrate Judge:

## I.   Introduction

         Defendant Kemper Environmental, Ltd. ("Kemper") moves
for leave to file a second amended answer pursuant to
Fed.R.Civ.P. 15(a) (Docket Item 49). For the reasons set forth
below, defendant's motion is granted in all respects.

## II. Facts

         This is an action seeking damages and declaratory
relief for the alleged breach of an environmental liability
insurance policy.

         The insurance policy, Kemper Environmental Response,
Compensation and Liability Insurance Policy No. 4LY000143 (the
"policy"), was purchased by Inland Steel Industries ("ISI")
pursuant to an agreement under which Ispat International, N.V.
("IINV") acquired Inland Steel Company ("ISC") from ISI (Com-

plaint ("Comp.") ¶ 7).  Plaintiff Ispat Inland, Inc. ("Ispat") is the entity that resulted from the acquisition (Comp. ¶ 10).  The policy was issued on or about March 6, 1998 by defendant and names ISC, IINV, and ISI as insureds (Comp. ¶ 9).

Ispat contends that Kemper breached its insurance contract by refusing to admit coverage and refusing to make payments for liability incurred by Ispat in the settlement of a Natural Resources Damage Assessment ("NRDA").  Ispat further contends that Kemper breached the policy by refusing to pay the legal expenses incurred by Ispat in connection with the investigation and defense of the NRDA.

Kemper served and filed an amended answer in April 2006.  In its amended answer, Kemper denied Ispat's allegations, raised multiple affirmative defenses, and contended that the policy imposes no duties or obligations on it to indemnify or defend Ispat for the costs of the underlying claims at issue.

Kemper asserts that it should be granted leave to file a second amended answer and to assert a counterclaim against Ispat based on facts disclosed at the deposition of Thomas Barnett and other witnesses taken in September 2006 (Kemper's Memorandum in Support of Motion for Leave to File Its Second Amended Answer, Affirmative Defenses and Counterclaim, dated

November 20, 2006 ("Kemper Mtn. for Leave"), at 1).[1]  The spe-
cific new facts on which Kemper bases its motion are discussed
below.

III.  Analysis

    A.  Applicable Standards

        The standards applicable to a motion to amend a plead-
ing are well settled.  Leave to amend a pleading should be freely
granted "when justice so requires."  Fed.R.Civ.P. 15(a); Foman v.
Davis, 371 U.S. 178, 182 (1962); Aetna Cas. & Sur. Co. v. Aniero
Concrete Co., 404 F.3d 566, 604 (2d Cir. 2005); Anthony v. City
of New York, 339 F.3d 129, 138 n.5 (2d Cir. 2003).  "Nonetheless,
the Court may deny leave if the amendment (1) has been delayed
unduly, (2) is sought for dilatory purposes or is made in bad
faith, (3) the opposing party would be prejudiced, or (4) would
be futile."  Lee v. Regal Cruises, Ltd., 916 F. Supp. 300, 303
(S.D.N.Y. 1996), aff'd, 116 F.3d 465 (2d Cir. 1997), citing Foman
v. Davis, supra, 371 U.S. at 182.

        Delay alone, in the absence of bad faith or prejudice,
is usually not sufficient reason for denying a motion to amend.
Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 234-35 (2d

---

    [1]Barnett was originally deposed as Ispat's 30(b)(6) witness
on May 26, 2006.  Pursuant to my Order, Barnett was deposed as a
fact witness on September 18, 2006 (see Order dated August 16,
2006).

Cir. 1995); <u>State Teachers Ret. Bd. v. Fluor Corp.</u>, 654 F.2d 843, 856 (2d Cir. 1981); <u>Middle Atlantic Utils. Co. v. S.M.W. Dev. Corp.</u>, 392 F.2d 380, 384 (2d Cir. 1968). "The court . . . has discretion to deny leave to amend 'where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, <u>and</u> the amendment would prejudice' other parties." <u>Grace v. Rosenstock</u>, 228 F.3d 40, 53-54 (2d Cir. 2000), <u>quoting</u> <u>Cresswell v. Sullivan & Cromwell</u>, 922 F.2d 60, 72 (2d Cir. 1990) (emphasis added). <u>See also Commander Oil Corp. v. Barlo Equip. Corp.</u>, 215 F.3d 321, 333 (2d Cir. 2000) (permitting amendment of answer to assert additional affirmative defense after a seven-year delay does not constitute an abuse of discretion in the absence of prejudice). However, "the longer the period of unexplained delay, the lighter the burden will be on the nonmoving party to demonstrate prejudice or bad faith." <u>Multi-Juice, S.A. v. Snapple Beverage Corp.</u>, 02 Civ. 4635 (RPP), 2006 WL 1519981 at *11 (S.D.N.Y. June 1, 2006); <u>see also Fariello v. Campbell</u>, 860 F. Supp. 54, 70 (E.D.N.Y. 1994) ("The party opposing the motion for leave to amend has the burden of estab-lishing than an amendment would be prejudicial").

Kemper first seeks to further amend its answer by deleting its ninth affirmative defense, <u>i.e.</u> that Ispat's claims

4

are barred by the equitable doctrine of rescission.[2]   Because
this aspect of Kemper's proposed amendment would not require any
further discovery and does not prejudice Ispat, this aspect of
the motion is granted.

Kemper also seeks to amend its answer by adding a
counterclaim for a declaratory judgment that the terms of the
insurance policy did not provide coverage for the NRDA.   In the
alternative, the proposed counterclaim seeks a declaration that
Kemper has the right to reform the policy to exclude the NRDA
liabilities (Proposed Second Amended Answer, Affirmative Defenses
and Counterclaim ("Proposed Second Amended Answer"), annexed as
Exhibit A to Kemper Mtn. for Leave, at 27).

Kemper contends that it had a basis for its proposed
counterclaim only after Barnett was deposed a second time because
Barnett's second deposition somehow revealed that his testimony
as Ispat's 30(b)(6) witness was contradicted by other witnesses,
and that Barnett himself could not even re-affirm his testimony
from the 30(b)(6) deposition (Kemper Mtn. for Leave, at 3).

------------------------------------------------

[2]The ninth affirmative defense currently states:

> To the extent Plaintiff, or their predecessors,
> affiliates, agents, brokers or other representative,
> intentionally or unintentionally, failed to disclose,
> or concealed, omitted, or misrepresented facts material
> to the risks at issue in this litigation to Kemper, all
> claims under the policy at issue herein are barred
> and/or the equitable doctrines of rescission and
> reformation apply (see Amended Answer at 7).

5

Although Kemper does not specifically indicate what new facts were revealed by Barnett's September 18, 2006 deposition, Kemper does attach as exhibits to its motion partial transcripts of Barnett's May 26, 2006 and September 18, 2006 depositions.  In Barnett's May deposition, Barnett stated that Gary Allie, the Environmental Regulations Manager at Ispat, informed Steve Piatkowski, a Kemper employee working with Kemper's underwriting department, at a meeting that liability incurred under the 1993 Consent Decree could amount to $8,000,000 to $10,000,000 (Kemper Mtn. for Leave, Ex. B at 179).  At his deposition in September, Barnett testified that Allie did not attend the meeting (Kemper Mtn. for Leave, Ex. B at 93).  Kemper also states that it needs to depose third-party witnesses to determine whether the NRDA was a loss known to Ispat but undisclosed to Kemper at the time the policy was issued (Kemper Mtn. for Leave, at 3).[3]

Kemper also argues that there would be no surprise or prejudice to Ispat if Kemper added the proposed counterclaim because "Ispat has been on notice of these theories since the

---

[3]Kemper also argues that it had to wait for Barnett's second deposition to occur before it could assert a counterclaim for reformation of the contract because the claim must be supported by "clear and convincing evidence."  In support of this argument, Kemper cites to Benderson Dev. Co., Inc. v. Schwab Bros. Trucking, Inc., 64 A.D.2d 447, 457, 409 N.Y.S.2d 890, 898 (4th Dep't 1978) and Ins. Co. of North America v. Milberg Weiss Bershad Specthrie & Lerach, 95 Civ. 3722 (LLS), 1996 WL 520902 at *1 (S.D.N.Y. Sept. 12, 1996).  However, this argument is misplaced because there is no requirement that this showing be made at the pleading stage.

original answer was filed in this case on July 26, 2005" (Kemper
Mtn. for Leave, at 2).  Kemper also asserts that there would be
no prejudice to Ispat because the addition of the counterclaim is
based upon legal theories that do not require additional discov-
ery (Kemper Mtn. for Leave, at 3).

Ispat argues that leave to add the counterclaim should
be denied because there was undue delay in Kemper's application
to amend, and permitting the amendment would prejudice Ispat.
Ispat argues that if, as Kemper claims, Ispat has been on notice
of Kemper's theories since July 26, 2005, then Kemper could have
filed its counterclaim at that time (Ispat's Memorandum of Law in
Opposition to Kemper's Motion for Leave to File Second Amended
Answer, Affirmative Defense, and Counterclaim, undated (Ispat
Opp. to Mtn. for Leave"), at 1-2).  In addition, Ispat points out
that Kemper does not cite any portion of Barnett's second deposi-
tion or any other recently conducted discovery that revealed new
facts to Kemper (Ispat Opp. to Mtn. for Leave, at 1).

Ispat contends that prejudice would result if Kemper
was given leave to assert the counterclaim because the motion was
made two months after the close of fact discovery.[4]  Ispat also
controverts Kemper's assertion that there would be no need for

------------------------------------

[4]Discovery in this matter closed on September 1, 2006, with
the exception of Barnett deposition and depositions that were
already noticed by August 14, 2006 were to be conducted by
September 18, 2006.

further fact discovery if leave to amend was granted because
Kemper's proposed counterclaim contains over sixty paragraphs of
factual assertions, many of which inject new allegations into the
case (Ispat Opp. to Mtn. for Leave, at 2).

In Kemper's reply papers, it admits that it did not
learn any new facts at Barnett's second deposition, but argues
that the inconsistencies between Barnett's first and second
deposition support a counterclaim for reformation of the policy
based upon Barnett's misrepresentations to Kemper (Kemper's Reply
in Support of Its Motion for Leave to File a Second Amended
Answer, Affirmative Defenses and Counterclaim, dated December 21,
2006 ("Kemper Reply to Mtn. for Leave"), at 1-2).

Although Kemper may have been able to move for leave to
amend earlier, Ispat has not sufficiently established that it
would be prejudiced if Kemper were granted leave to amend its
pleadings.  Ispat's assertion that the portions of the proposed
eighteen-page counterclaim "inject[] new allegations into the
case," is entirely conclusory.  Since Ispat does not cite to any
part of the proposed counterclaim to support its assertion, Ispat
fails to meet its burden to show that the proposed counterclaim
would cause undue prejudice.

Ispat does claim that granting Kemper's motion would
require Ispat to depose at least two fact witnesses -- Steve
Piatkowski and Susan Doering -- who "appear to be the Kemper

8

witnesses with knowledge of the new allegations" -- and that
Ispat should be allowed to do so if Kemper is granted leave to
amend (Ispat Opp. to Mtn. for Leave, at 2).  However, again,
Ispat does not cite to any portion of the record or Kemper's
proposed counterclaim to support the contention that Ispat would
need to depose Piatkowski and Doering.  In fact, Doering's name
does not even appear in the proposed counterclaim.  To the extent
that Ispat's opposition papers can be deemed to constitute an
application to depose Piatkowski and Doering, its application is
denied without prejudice to renewal after the resolution of the
pending motion for summary judgment.

        Because there is no evidence of unfair prejudice to
Ispat and Kemper's delay alone is not sufficient to deny its
motion for leave to amend, this aspect of Kemper's motion is also
granted.

IV.   Conclusion

        For all the foregoing reasons, Kemper's motion to amend
is granted in all respects.  Kemper is directed to serve and file

its amended answer and counterclaim within ten (10) business days

of the date of this Order.

Dated:    New York, New York
          July 31, 2007

                                    SO ORDERED


                                    HENRY PITMAN
                                    United States Magistrate Judge


Copies transmitted to:

Edward F. Ruberry, Esq.
Bollinger, Ruberry & Garvey
Suite 2300
500 West Madison Street
Chicago, IL 60661

Robert A. Salerno, Esq.
Morrison & Foerster LLP
Suite 5500
2000 Pennsylvania Ave. NW
Washington, DC 20006